REBECCA NEUBAUER, ESQ. (SBN: 333904)
MORGAN & MORGAN LOS ANGELES, LLP
633 W. 5th Street, Suite 2200
Los Angeles, CA 90071
Telephone: (213) 757-6078
Facsimile: (213) 757-6178
rneubauer@forthepeople.com

Attorneys for Plaintiff,
CHRISTINA HOWELL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| CHRISTINA HOWELL | CASE NO: 5:24-cv-1400 |
|---|---|
| Plaintiff | |
| v. | COMPLAINT FOR DAMAGES |
| UNITED STATES OF AMERICA; UNITED STATES POSTAL SERVICE; DOES 1 THROUGH 50 | 1. NEGLIGENCE – MOTOR VEHICLE<br>2. NEGLIGENCE PER SE<br>3. NEGLIGENT ENTRUSTMENT<br>4. NEGLIGENT HIRING, SUPERVISION & RETENTION |
| Defendants | |

COMES NOW PLAINTIFF CHRISTINA HOWELL, complaining of Defendants and alleges as follows:

///

///

1

**COMPLAINT FOR DAMAGES**

# I.

# JURISDICTION

1. This action is brought pursuant to the Tort Claims Act, 28 U.S.C. §2671 et seq. Jurisdiction is founded on 29 U.S.C. §§1346(b).

# II.

# VENUE

2. Venue is proper in the Central District of California. The motor vehicle accident giving rise to this complaint occurred near 1555 E. Holt Blvd, Ontario, California 91761 which is within the present judicial district. Plaintiff also resides within this judicial district.

# III.

# PARTIES

3. Plaintiff CHRISTINA HOWELL (hereafter "PLAINTIFF") is and at all relevant times was a resident of San Bernardino County, California.

4. At all times relevant herein, the Defendant THE UNITED STATES OF AMERICA is a governmental agency. The Defendant UNITED STATES POSTAL SERVICE was and is an agency of the Defendant THE UNITED STATES OF AMERICA.

5. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise of DOE 1 through DOE 50, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by

2

1  such fictitious names; and when the true names and capacities of said Defendants are ascertained, Plaintiff will amend this Complaint accordingly.

6. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE was negligent and is responsible in some manner for the events and happenings herein referred to and their negligence proximately caused the injuries and damages sustained by Plaintiff as herein alleged, either through said Defendants' own negligent conduct or through the conduct of their agents, servants, or employees, or in some other manner.

7. At all times relevant herein, each Defendant was the principal, agent, servant, employer, employee, supervisor, assistant, joint venture, co-partner and/or consultant of each other and, at all times relevant hereto was acting within the course and scope of such agency or relationship in the selection and hiring, retention, training and supervision of each and every other Defendant as an agent, employee and/or joint venture. Furthermore, that each said Defendant, while acting as a principal expressly directed, consented to, approved, affirmed, and ratified each and every action taken by his co-Defendants, as hereinafter alleged. Plaintiff is informed, believes, and thereon alleges that said fictitiously named Defendants, thereby proximately causing Plaintiff's injuries and damages as set forth herein, either through the said fictitious Defendants' own negligent conduct or through the conduct of agents, servants or employees, or due to their

**COMPLAINT FOR DAMAGES**

ownership, rental, use, repair, maintenance of the vehicle driven by Defendant DOE DRIVER in the collision.

## IV.

## FACTS COMMON TO ALL ACTIONS

8. On January 25, 2022, Plaintiff CHRISTINA HOWELL was a pedestrian struck by a U.S. Postal Service mail-delivery truck that was pulling out of a United States Postal Service facility at 1555 East Holt Boulevard in Ontario, California 91761.

9. On said date, the driver of the U.S Postal Service Truck, Defendants JANE DOE, an employee of Defendant UNITED STATES OF AMERICA, U.S. POSTAL SERVICE, drove carelessly, negligently and with extreme recklessness, including, but not limited to, failure to yield the right-of-way to a pedestrian.

10. In failing to yield, the driver of the U.S Postal Service Truck, JANE DOE, an employee of Defendants UNITED STATES OF AMERICA, U.S. POSTAL SERVICE, carelessly and negligently struck CHRISTINA HOWELL'S body as she was walking.

11. On March 16, 2023, the Plaintiff submitted a claim for $3,000,000 based on the allegations herein to the United States Postal Service for administrative settlement. The United States Postal Service denied the claim on April 30, 2024. Accordingly, Plaintiff has complied with the requirements of the

Federal Tort Claims Act for the timely filing of claims. Such claims having been denied, Plaintiff hereby institutes the present lawsuit.

## V.

## FIRST COUNT/CAUSE OF ACTION

## NEGLIGENT OPERATION OF A MOTOR VEHICLE

**(By Plaintiff Against All Defendants)**

12. Plaintiff incorporates herein by reference paragraphs 1 through 8, above as though fully set forth herein.

13. On January 25, 2022, a UNITED STATES OF AMERICA POSTAL SERVICE truck was operated by a UNITED STATES OF AMERICA agent or employee, DOES 1 through 50, as he/she was in the course and scope of his/her employment with Defendants UNITED STATES OF AMERICA, U.S. POSTAL SERVICE.

14. The UNITED STATES OF AMERICA, U.S. POSTAL SERVICE employee DOES 1 through 50 were driving negligently and carelessly, including but not limited to failure to yield to pedestrians.

15. The UNITED STATES OF AMERICA, U.S. POSTAL SERVICE and its agents and employee acted carelessly, recklessly, unskillfully, unlawfully, tortiously, wantonly and wrongfully entrusted, permitted, managed, serviced, repaired, inspected, maintained, operated, controlled, and drove the U.S. Postal Service Truck as to proximately cause the same to collide with

the body of Plaintiff CHRISTINA HOWELL, as aforesaid, thereby proximately causing the injuries and damages hereinafter mentioned.

16. The UNITED STATES OF AMERICA and U.S. POSTAL SERVICE employee was also negligent in failing to keep attentive as to his or her whereabouts and pedestrians crossing in front of the vehicle he or she was operating. Said Defendant knew or should have known that there was foot-traffic in the area and to drive inattentively would have been unsafe, all of which negligence, carelessness and recklessness constituted the proximate cause of him or her striking the Plaintiff.

17. As a proximate result of each and all of the aforesaid acts and omissions of the Defendants, Plaintiff was injured about her body and its members and was rendered sick, sore, lame and disabled, and was injured in health, strength and activity, a portion of said injuries being permanent. As a result of said injuries, Plaintiff has had, and in the future will have, physical, mental and emotional pain, suffering, worry and anxiety.

18. As a proximate result of each and all of the aforesaid acts and omissions of the Defendants, Plaintiff suffered grave and serious mental anguish, fear, anxiety and illness, a portion of said injuries being permanent. As a proximate result of said injuries and damages, Plaintiff has had, and in the future will have, physical, mental and emotional pain, suffering, worry and anxiety.

**COMPLAINT FOR DAMAGES**

19. By reason of said injuries, Plaintiff has incurred, and probably will incur in the future, hospital, surgical, ambulance, medical, nursing and household expenses, all to her further damage.

20. By reason of said injuries, Plaintiff was unable to do their usual work for a period of time, have been unable to do a portion of their work since that time, will be partially disabled in the future and have sustained damage to their future earning capacity, all to their damage, according to proof.

21. By reason of said injuries, Plaintiffs have sustained damage to their future earning capacity, all to their further damage, according to proof.

## VI.

## SECOND COUNT/CAUSE OF ACTION

## NEGLIGENCE PER SE

### (By Plaintiff Against All Defendants)

22. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of this Complaint as though fully set forth herein, and incorporates the same herein by reference.

23. At all times mentioned herein, there were in force statutes, ordinances, and regulations prohibiting the conduct exhibited by Defendants, and each of them.

24. California Vehicle Code section 21950 provides, "The driver of a vehicle shall yield the right-of-way to a pedestrian crossing the roadway within any

marked crosswalk or within any unmarked crosswalk at an intersection, except as otherwise provided in this chapter."

25. Defendant DOE DRIVER violated California Vehicle Code Section 21950 by crashing into Plaintiff CHRISTINA HOWELL as she was a pedestrian at the time of the INCIDENT.

26. California Vehicle Code Section 21950 was in full force and effect at the time of the incident.'

27. Violation of these Vehicle Code Sections constitutes negligence per se under California Evidence Code §669(a).

28. That Plaintiff was a member of the class of persons for whose protection said statutes, ordinances, and regulations were enacted or promulgated.

29. That the acts of Defendants, and each of them, as described herein, violated the traffic laws of the City of Ontario and County of San Bernardino, and the State of California, which constituted negligence per se.

30. That Plaintiff sustained injuries that were the type said statutes, ordinances, and regulations were intended to prevent.

## VII.
## THIRD COUNT/CAUSE OF ACTION
## NEGLIGENT ENTRUSTMENT
## (By Plaintiff Against UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE)

31. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of this Complaint as though fully set forth herein, and incorporates the same herein by reference.

32. At the time of the INCIDENT, Defendant DOE DRIVER was negligent in operating the vehicle because she failed to exercise due care and carelessly collided into Plaintiff's person.

33. Defendants UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE, and Does 1 through 50, were the employer/partner/principal of the United States Postal Service vehicle, which was being operated by Defendant DOE DRIVER at the time of the INCIDENT. Defendant DOE DRIVER had permission to operate this vehicle in the course and scope of employment for the benefit of Defendants UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE, and DOES 1 through 50.

34. Defendants UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE, and Does 1 through 50, knew or should have known that Defendant DOE DRIVER was incompetent or unfit to drive the subject vehicle and should not have entrusted her to operate the vehicle. Defendants could have done a background check or Defendants' agents could have asked questions to Defendant DOE DRIVER about his competency to drive the subject vehicle.

35. Defendants UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE, and DOES 1 through 50, carelessly, recklessly, and

9
COMPLAINT FOR DAMAGES

without much considerations permitted Defendant DOE DRIVER to drive the vehicle causing the violent collision with Plaintiff's body which resulted in severe injuries to Plaintiff.

36. Defendant DOE DRIVER's incompetence or unfitness due to his carelessness in operating the vehicle was the substantial factor in causing harm to Plaintiff.

37. Defendants UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE, and DOES 1 through 50, are responsible for the severe injuries and harm caused by DOE DRIVER's conduct as she was an agent or employee of Defendant UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE, and Does 1 through 50, and was acting within the course and scope of her employment and/or agency with Defendant UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE, and DOES 1 through 50, at the time of the INCIDENT, and DOE DRIVER's conduct arose from a risk inherent or created by the employment/agency/UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE.

38. As a direct, proximate, foreseeable, and legal result of the conduct of the Defendants, and each of them, Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her body, shock and injury to her nervous system and persons, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous strain, pain and suffering. Plaintiff is informed and believes, and thereupon alleges, that

Plaintiff will thereby continue to suffer from her injuries, all to Plaintiff's general damages in an amount according to proof.

39. As a direct, proximate, foreseeable, and legal result of the conduct of the Defendants, and each of them, Plaintiff was required to and did employ physicians and surgeons and various healthcare providers to examine, treat, and care for Plaintiff and did incur medical, therapeutic and related expenses in an amount according to proof. Plaintiff is informed and believes, and thereon alleges, that Plaintiff will incur medical, therapeutic and related expenses in the future, in an amount according to proof.

40. As a direct, proximate, foreseeable, and legal result of the conduct of the Defendants, and each of them, Plaintiff was required to and did lose time from her occupation and thereby sustained loss of earnings and/or loss of earning capacity. Plaintiff is informed and believes, and thereon alleges, that Plaintiff will lose time in the future from said occupation and that Plaintiff's respective future earning capacity have been impaired, all to their further loss, in an amount according to proof.

## VIII.

## FOURTH CAUSE OF ACTION

## NEGLIGENT HIRING, SUPERVISION, OR RETENTION

## (By Plaintiff Against UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE)

41. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of this Complaint as though fully set forth herein, and incorporates the same herein by reference.

42. Defendants UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE, and Does 1 through 50, inclusive, and each of them, hired Defendant DOE DRIVER, who was an employee, agent, ostensible agent, and/or representative of Defendants UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE, and DOES 1 through 50, at the time of the INCIDENT.

43. Plaintiff is informed and believes, and thereupon alleges, that Defendants UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE, and DOES 1 through 50, inclusive, and each of them, knew or in the exercise of reasonable care or diligence should have known that Defendant DOE DRIVER was at the time of hiring, or became, sometime between the date hired and a date before the SUBJECT INCIDENT, unfit or incompetent to perform the work for which he was hired to perform, and that this unfitness and/or incompetence in the safe operation of a motor vehicle created a particular risk of harm to others, such as Plaintiff herein.

44. Plaintiff is informed and believes, and thereupon alleges, that Defendant DOE DRIVER was, at the time of hiring, or became, sometime between the date hired and a date before the SUBJECT INCIDENT, unfit or incompetent to perform the work for which he was hired to perform, chiefly, to safely operate a motor vehicle that serves as a means of transportation for the

general public upon which Defendants UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE, and DOES 1 through 50, garners significant profits from.

45. Plaintiff is informed and believes, and thereupon alleges that Defendants UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE, and DOES 1 through 50, inclusive, and each of them, so negligently failed to supervise Defendant DOE DRIVER despite their prior knowledge of her unfitness and/or incompetence, whether actual or constructive, in her operation of a motor vehicle while at the direction, control, or influence of Defendants UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE, and DOES 1 through 50, inclusive, and each of them.

46. Plaintiff is informed and believes, and thereupon alleges that Defendants UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE, and DOES 1 through 50, inclusive, and each of them, so negligently and carelessly elected to retain Defendant DOE DRIVER's driving services/labor, who continued to remain as an employee, agent, ostensible agent, and/or a representative of Defendants UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE, and DOES 1 through 50, inclusive, and each of them, in the transportation industry generally.

47. Plaintiff is informed and believes, and thereupon alleges that Defendant DOE DRIVER's unfitness and/or incompetence in the operation of her

motor vehicle in fact created the particular risk of harm that Plaintiff ultimately suffered; that is, Defendant DOE DRIVER's unfitness/incompetence in her operation of a vehicle directly harmed Plaintiff when Defendant DOE DRIVER negligently and carelessly collided with Plaintiff's vehicle, injuring Plaintiff's person.

48. Plaintiff is informed and believes, and thereupon alleges that Defendants UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE, and DOES 1 through 50, inclusive, and each of their, negligence in the hiring, supervision, and/or retention of Defendant DOE DRIVER despite prior knowledge, whether actual or constructive, of her unfitness and incompetence, was a substantial factor in causing Plaintiff's harm.

49. As a direct, proximate, foreseeable, and legal result of the conduct of the Defendants, and each of them, Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her body, shock and injury to her nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous strain, pain and suffering. Plaintiff is informed and believes, and thereupon alleges, that Plaintiff will thereby continue to suffer from her injuries, all to Plaintiff's general damages in an amount according to proof.

50. As a direct, proximate, foreseeable, and legal result of the conduct of the Defendants, and each of them, Plaintiff was required to and did employ physicians and surgeons and various healthcare providers to examine, treat, and care for Plaintiff and did incur medical, therapeutic and related expenses

in an amount according to proof. Plaintiff is informed and believes, and thereon alleges, that Plaintiff will incur medical, therapeutic and related expenses in the future, in an amount according to proof.

51. As a direct, proximate, foreseeable, and legal result of the conduct of the Defendants, and each of them, Plaintiff was required to and did lose time from her occupation and thereby sustained loss of earnings and/or loss of earning capacity. Plaintiff is informed and believes, and thereon alleges, that Plaintiff will lose time in the future from said occupation and that Plaintiff's respective future earning capacity have been impaired, all to their further loss, in an amount according to proof.

## IX.

## PRAYER

WHEREFORE, Plaintiff demands the following relief, jointly and severally, against all the Defendants;

(a) For damages for injuries sustained due to the negligence of the UNITED STATES OF AMERICA, U.S. POSTAL SERVCE's agent DOES 1-50 and employees, including past and future medical expenses, lost wages, loss of earning capacity, pain and suffering, mental anguish, and all other appropriate damages resulting from her injuries in the sum of $3,000,000;

(b) Costs of suit necessarily incurred herein; and

(c) Such further relief as the Court deems just or proper.

DATE: 7/5/2024    MORGAN & MORGAN LOS ANGELES, LLP

By: *Rebecca Neubauer*
REBECCA NEUBAUER
Attorneys for Plaintiff,
CHRISTINA HOWELL

16

**COMPLAINT FOR DAMAGES**